IN THE UNITED STATES COURT FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION
AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I. Purpose of the Affidavit

This affidavit is submitted in support of a search warrant for the below listed cellular telephones seized pursuant to the Federal arrest of Lincoln MOQUETE on charges of violating 21 U.S.C. §841(a)(1) and §846, on November 10, 2014. The cellular telephones are identified as follows:

    1. Apple iPhone 4 white in color, in a blue case.

    2. Apple iPhone 5, black in color, in a black case.

Your affiant submits that there is probable cause to believe that these cellular telephones / mobile devices contain evidence of violations of 21 U.S.C. §841(a)(1) and §846 – Possession with intent to distribute and conspiracy to distribute over 5 kilograms of cocaine.

A.    Background and Experience

    1.    I, Milton Lynn, being first duly sworn, hereby depose and state as follows: I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI)[1], and have been so since December 2006. Your affiant is currently assigned to the Port Investigations Group / Contraband Smuggling Initiative, a multi-agency squad composed of local, state, and Federal law enforcement officers that among its investigatory focus is that of drug traffickers and smugglers operating in and/or transiting the State of Maryland in furtherance of their criminal activity.

    2.    Your affiant states that he is a law enforcement officer of the United States within the meaning of section 2510(7) of title 18, United States Code; that is an officer of the

---

[1] In 2003, the legacy United States Customs Service was incorporated into the DHS as "Immigration & Customs Enforcement" (ICE). In 2010, Immigration & Customs Enforcement ("ICE") due to expanding and changing missions, ICE once more underwent a re-organization. This new agency is referred to as Homeland Security Investigations ("HSI").

1. United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, more specifically, the Federal Controlled Substances Act (CSA). As part of my employment with HSI, I attended the Criminal Investigator Training Program (CITP) a twelve week basic program for all Federal criminal investigators held at the Federal Law Enforcement Training Center (FLETC) located in Glynco, Georgia. Additionally, I also attended Immigration & Customs Enforcement Special Agent Training (ICE SAT) an additional eleven weeks of training also held at FLETC. During both of these courses, blocks of instruction were given on such subjects as basic investigative techniques, Federal controlled substances laws and types of controlled substances and recognition, methods that they are manufactured, transported across international borders, distributed, and sold, money laundering techniques, electronic and physical surveillance techniques, and application of constitutional law.

3. Your affiant was previously employed as a Police Officer / Police Detective / Federal Task Force Officer with the Baltimore City (Maryland) Police Department and the Baltimore Housing Police, since July of 1995. During my career with the police department, I have been assigned to Patrol Division, District Operations Unit, Tactical Operations Unit, Special Investigations, Eastern District Street Crimes Task Force, CID Drug Enforcement / Major Case Narcotics, the Baltimore / Washington H.I.D.T.A. Task Force, and the Eastern District Gang Investigations Unit. For approximately three and a half years, I was assigned to the High Intensity Drug Trafficking Area (H.I.D.T.A.) Task Force detailed to the Federal Bureau of Alcohol, Tobacco, and Firearms (A.T.F.) and was also a deputized officer of the United States Department of Justice, Drug Enforcement Administration (DEA). As part of these assignments, your affiant was a sworn Special Deputy United States Marshal, and conducted investigations, made arrests, and served Federal search and seizure warrants and Federal arrest warrants for violation of Federal firearms laws and Federal controlled substances laws. In the course of this assignment, your affiant participated in numerous Federal and state narcotics investigations, relating to drug trafficking, drug smuggling, money laundering, homicide and firearms

violations. Your affiant has written or participated in excess of three hundred Federal and state search and seizure warrants where firearms, quantities of narcotics, US currency, and packaging materials have been seized.

4. Your affiant has received specialized training in the investigation of large-scale drug organizations. Your affiant also received instruction in surveillance techniques, use of Title Three intercepts (wire-taps) and electronic listening devices in accordance with all applicable laws governing the operations of surveillance equipment, use of informants and undercover operations. I have conducted and participated in investigations where various methods used by large scale drug traffickers to smuggle into or introduce controlled substances into the United States and the State of Maryland, to include, commercial airplanes, private planes, large commercial maritime vessels and small private boats. As a result of my training and experience, and interactions with other drug investigators, I have become knowledgeable with the distribution and trafficking methods employed by drug traffickers to smuggle, import, safeguard, store, transport, and distribute drugs, and to collect and conceal drug-related proceeds. I have also participated in investigations utilizing both Federal and state Title Three electronic intercepts. Your affiant has led and participated in numerous large-scale drug conspiracy investigations, both domestic and international in nature, and is familiar with the operations of these types of criminal organizations.

5. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from oral and written reports by other law enforcement officers, physical surveillances, interviews, subpoenaed and public records, data base checks, phone analysis, and information gained through my training and experience. Since this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts necessary to establish foundation for the requested warrant. Dates and times are approximate.

B.   Probable Cause

6.   On March 9, 2010, Jonathan MELENDEZ, a Dominican national, was observed by Maryland State Police as he was driving northbound on I-95 in Cecil County, MD. MELENDEZ was stopped for violations of the Maryland Motor Vehicle code. During the course of the stop, a narcotics detector K-9 alerted to the presence of narcotics odors coming from the vehicle. A probable cause search of the vehicle was conducted which led to the discovery of a duffle bag containing 13 kilograms of cocaine. The duffle bag contained two separate bundles of cocaine, one containing 8 kilogram bricks and the other containing 5 kilogram bricks. The bricks were individually wrapped in plastic or plastic bags and then wrapped together in plastic wrap. MELENDEZ was subsequently arrested by HSI Special Agents for violations of the Controlled Substances Act. The cocaine was subsequently tested for both chemical composition and subject to a latent print analysis. During the latent print analysis, 16 latent prints were recovered that were identified as the latent prints of Lincoln Normando MOQUETE, FBI# 714007HB6.

7.   On August 18, 2014, Lincoln MOQUETE, was indicted by the Federal Grand Jury sitting in the District of Maryland, Northern Division, for violations of 21 USC 841(a)(1) and 21 USC 846, to wit; Possession with intent to distribute in excess of five kilograms of cocaine HCL, and conspiracy to possess with intent to distribute cocaine HCL.

8.   On November 10, 2014 your affiant and additional law enforcement officers arrested MOQUETE as he attempted to board Jet Blue airlines flight 209, destined for Santo Domingo, Dominican Republic, departing John F. Kennedy International Airport in New York. In MOQUETE'S possession at the time of his arrest were two iPhones, a Apple iPhone 4 white

in color, in a blue case and a second Apple iPhone 5, black in color, in a black case. Your affiant took custody of the two phones.

9. Your affiant knows through his training, knowledge, and expertise that 13 kilograms of cocaine is worth in excess of $350,000 on the "street" in a wholesale setting, indicating to your affiant that the amount of cocaine was far in excess of the amount intended for personal use, and in fact would indicate to your affiant an intention to distribute.

C. Conclusion

Based on my training and experience, in investigating drug trafficking / smuggling organizations, I know that drug trafficker / smugglers involved in the smuggling or trafficking of large quantities of controlled substances frequently resort to using cellular / digital phones / smart phones to keep in contact with their couriers and superiors and to communicate their locations and advise of their status while transporting drugs in order to shield the shipment of drugs from detection by law enforcement and loss from theft. Additionally, the phones themselves, have the added capabilities to send several forms of text messaging (both SMS, MMS); the capabilities of sending and receiving e-mail; store contacts information; photographs; movies; names; e-mail addresses; phone numbers; bank account information; documents; website addresses; the ability to browse the internet; create, receive and store text documents; and maintain large amounts of data. I also know that these phones can be utilized as global positioning devices which are used to assist in traveling and can retain trip information, address, and GPS waypoints. For these reasons, the stored text, SMS, MMS, and e-mail messages, alpha-numeric messages and stored telephone numbers, names, and addresses and other stored electronic data not limited to pictures, GPS data and website information, text data, notes, etc.

are evidence of violations of 21 U.S.C. §841(a)(1) – Possession with intent to distribute in excess of 5 kilograms of cocaine and 21 U.S.C. §846- Conspiracy to distribute cocaine.

Therefore, based on the aforementioned facts, I believe that there is probable cause that the seized cellular telephones have been used in furtherance of or contain evidence of illegal drug activities in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846. Further, there is probable cause to believe that names, telephone numbers, stored numeric, and/or text messages, documents, notes, previously transmitted and currently being transmitted to the seized telephones may identify other individuals involved in violations of federal narcotics laws. Therefore, I am seeking authorization to search, access, and retrieve all of the names, telephone numbers, stored numeric, and/or text messages contained, images, website information and all other electronically stored data contained in the below listed phones:

1. Apple iPhone 4 white in color, in a blue case.

2. Apple iPhone 5, black in color, in a black case.

I, Special Agent Milton Lynn, affirm under penalties of perjury that the facts and circumstances recounted in the foregoing affidavit are true and accurate to the best of my knowledge.

_____
Milton Lynn
Special Agent
Homeland Security Investigations

Subscribed and sworn before me on January __22__, 2015.

_____
Timothy J. Sullivan
United States Magistrate Judge